IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MATTHEW FRICK | : | |
| 1004 Wyoming Circle | : | |
| Lincoln University, PA 19352 | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KAWASAKI HEAVY INDUSTRIES | : | |
| (USA), INC. | : | |
| 599 Lexington Avenue, Suite 3901 | : | |
| New York, NY 10022 | : | |
| and | : | CASE NO. |
| KAWASAKI MOTORS CORP. (USA) | : | |
| 9950 Jeronimo Road | : | |
| Irvine, CA 92618-2084 | : | JURY TRIAL DEMANDED |
| and | : | |
| KAWASAKI MOTORS | : | |
| MANUFACTURING CORP. (USA) | : | |
| 6600 Northwest 27th Street | : | |
| Lincoln, NB 68524 | : | |
| and | : | |
| KAWASAKI HEAVY INDUSTRIES, LTD. | : | |
| World Trade Center Building 4-1 | : | |
| Hamamatsu-Cho, 2-Chome | : | |
| Minato-Ku, Tokyo 1056116, Japan | : | |
| and | : | |
| JAMES CAMPBELL | : | |
| 2319 Diamond Street | : | |
| Wilmington, DE 19804 | : | |
| Defendants. | : | |

## PLAINTIFF'S COMPLAINT

AND NOW, comes the Plaintiff, Matthew Frick ("Plaintiff"), by and through his undersigned counsel, and respectfully represents as follows:

## JURISDICTIONAL STATEMENT

1. This court has jurisdiction as the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and the defendants are of diverse citizenship. Plaintiff is a citizen of the Commonwealth of Pennsylvania. The individual defendant resides in the State of Delaware and the corporate defendants are duly authorized to do business in the State of Delaware. The subject accident, out of which this claim arises, occurred in the State of Delaware.

## PARTIES

2. Plaintiff, Matthew Frick, is an adult individual residing at 1004 Wyoming Circle, Lincoln University, Pennsylvania 19352 and is a citizen of the Commonwealth of Pennsylvania.

3. Defendant, James Campbell, is an adult individual residing at 2319 Diamond Street, Wilmington, Delaware 19804 and is a citizen of the State of Delaware.

4. Defendant, Kawasaki Heavy Industries (USA), Inc., is, upon information and belief, an incorporated business concern under the laws of New York with business offices located *inter alia* at 599 Lexington Avenue, Suite 3901, New York, New York 10022. Defendant regularly conducts business in the State of Delaware.

5. Defendant, Kawasaki Motors Corp. (USA), is, upon information and belief, an incorporated business concern incorporated under the laws of California with business offices located *inter alia* at 9950 Jeronimo Road, Irvine, California 92618-2084. Defendant regularly conducts business in the State of Delaware.

6. Defendant, Kawasaki Motors Manufacturing Corp. (USA), is, upon information

and belief, an incorporated business concern incorporated under the laws of Nebraska with businesses offices located *inter alia* at 6600 Northwest 27th Street, Lincoln, Nebraska 68524. Defendant regularly conducts business in the State of Delaware.

7. Defendant, Kawasaki Heavy Industries, Ltd., is, upon information and belief, an incorporated business concern under the laws of Japan with offices located *inter alia* at World Trade Center Building 4-1, Hamamatsu-Cho, 2-Chome, Minato-Ku Tokyo 1056116, Japan. Defendant regularly conducts business in the State of Delaware.

## VENUE

8. The facts and occurrences herein stated took place on or about June 4, 2013 at approximately 3:15 P.M. at 2319 Diamond Street, Wilmington, Delaware, thus making the U.S. District Court for the District of Delaware the proper venue.

## FACTS

9. At the aforesaid time and place, Plaintiff, Matthew Frick, was standing at or near defendant, James Campbell, when he attempted to pull start his lawnmower.

10. At the aforesaid time and place, when defendant, James Campbell, attempted to start his lawnmower, a portion of the lawnmower flew off and sliced Plaintiff's arm causing significant damage, including nerve damage and disfigurement.

11. Plaintiff was taken to the hospital where he was diagnosed with left forearm injury with nerve damage and left hand injury.

12. At all relevant material hereto, defendants, Kawasaki Heavy Industries (USA), Inc., Kawasaki Motors Corp. (USA), Kawasaki Motors Manufacturing Corp. (USA) and Kawasaki Heavy Industries, Ltd., were engaged in the selling, marketing, manufacturing and design of the Kawasaki motor/lawnmower (hereinafter referred to as the "lawnmower").

13. At all times relevant hereto, defendant, James Campbell, was negligent in the care, custody, control, management, maintenance and care of the lawnmower.

14. The lawnmower was defective in its design including, but not limited to, the pertinent parts and motor including but not limited to the pull start apparatus.

15. It is believed and, therefore, averred that the location of the accident was under the custody, control, management, maintenance and care of defendant, James Campbell.

16. At the aforesaid time and place, due to the negligence of Defendants, a violent accident occurred when the top of the lawnmower came off slicing Plaintiff's arm.

17. As a result of the negligence of the Defendants, Plaintiff sustained injuries as set forth below.

18. The accident was caused by the negligence of Defendants and each of them, and Plaintiff brings this action to recover against them jointly and severally.

## COUNT I - NEGLIGENCE

### Plaintiff, Matthew Frick v. Defendant, James Campbell

19. Plaintiff hereby incorporates all preceding paragraphs and counts by reference as though fully set forth herein at length.

20. The negligence, recklessness and carelessness of defendant, James Campbell, consisted of:

    (a) Failing to properly maintain the lawnmower;

    (b) Failing to properly check before attempting to start the lawnmower;

    (c) Failing to properly warn Plaintiff;

    (d) Failing to properly make sure that all bolts and screws were tight before attempting to start the lawnmower;

  (e) Improperly starting said lawnmower; and

  (f) Otherwise negligent under the circumstances.

 18. As a result of the aforesaid accident, Plaintiff suffered severe injuries, which include, but are not limited to, left forearm injury with nerve damage, left hand injury and scarring.

 19. As a result of his injuries, Plaintiff has undergone in the past and will in the future continue to undergo great pain and suffering.

 20. As a result of his injuries, Plaintiff has suffered a permanent disability and a permanent impairment of his earning power and capacity.

 21. As a result of his injuries, Plaintiff has suffered a permanent diminution of his ability to enjoy life and life's pleasures.

 22. As a result of his injuries, Plaintiff has incurred reasonable and necessary medical expenses for which he is seeking reimbursement.

 23. As a result of his injuries, Plaintiff will in the future incur medical expenses and income loss, and a claim is made therefor.

 WHEREFORE, Plaintiff, Matthew Frick, demands judgment against the defendants, jointly and severally, in an amount in excess of Seventy-five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

### COUNT II - NEGLIGENCE

**Plaintiff, Matthew Frick v. Defendants, Kawasaki Heavy Industries (USA), Inc., Kawasaki Motors Corp. (USA), Kawasaki Motors Manufacturing Corp. (USA) and Kawasaki Heavy Industries, Ltd.**

 24. Plaintiff hereby incorporates all preceding paragraphs and counts by reference as though fully set forth herein at length.

25. The negligence, recklessness and carelessness of defendant, James Campbell, consisted of:

(a) Failing to warn users or others subject to injury resulting from the dangerous product or the dangers associated with the lawnmower when defendants knew or should have known that failure to do so would create an increased risk of harm to Plaintiff;

(b) Failing to properly equip the lawnmower with appropriate safety devices when defendants knew or should have known that failure to do so would create an increased risk of harm to Plaintiff;

(c) Failing to offer devices or products so as to make the lawnmowers safe when defendants knew or should have known that failure to do so would create an increased risk of harm to Plaintiff;

(d) Allowing its lawnmower to be sold in a defective condition when defendants knew or should have known that selling the lawnmower in the defective condition created an increased risk of harm to Plaintiff;

(e) Failing to warn users or others subject to injury resulting from the dangerous product, of the dangers associates with the lawnmower when defendants knew or should have known that failure to do so would create an increased risk of harm to Plaintiff;

(f) Failing to investigate the dangers associated with its lawnmower and its use;

(g) Placing its product in the stream of commerce when it knew it was not properly equipped with all features to make the lawnmower safe for its intended use when defendants knew or should have known that failure to do so would create an increased risk of harm to Plaintiff;

    (h)  Failing to properly design the lawnmower so that it would not cause harm or increase harm to others when defendants knew or should have known that failure to do so would create an increased risk of harm to Plaintiff;

    (i)  Designing, manufacturing, assembling, selling and/or leasing a lawnmower which they knew, or should have known, was in a defective condition;

    (j)  Failing to perform tests or studies about the operation of the lawnmower when defendants knew or should have known that failure to do so would create an increased risk of harm to Plaintiff;

    (k)  Ignoring evidence and facts about the dangers of the lawnmower when used in a reasonably foreseeable manner; and

    (l)  Otherwise negligent under the circumstances.

  26.  As a result of the negligence and recklessness of defendants, Plaintiff suffered severe injuries, including but not limited to, left forearm injury with nerve damage, left hand injury and scarring

  27.  As a result of his injuries, Plaintiff has undergone in the past and will in the future continue to undergo great pain and suffering.

  28.  As a result of his injuries, Plaintiff may have suffered a permanent disability and permanent impairment of his earning power and capacity.

  29.  As a result of his injuries, Plaintiff may have suffered a permanent diminution of his ability to enjoy life and life's pleasures.

  30.  As a result of his injuries, Plaintiff has incurred medical expenses and income loss.

  31.  As a result of his injuries, Plaintiff has incurred unreimbursed wage losses.

32. As a result of this accident, Plaintiff has incurred other losses.

WHEREFORE, Plaintiff, Matthew Frick, demands judgment against the defendants, jointly and severally, in an amount in excess of Seventy-five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

## COUNT III

**Plaintiff, Matthew Frick v. Defendants, Kawasaki Heavy Industries (USA), Inc., Kawasaki Motors Corp. (USA), Kawasaki Motors Manufacturing Corp. (USA) and Kawasaki Heavy Industries, Ltd.**

### PRODUCTS LIABILITY UNDER RESTATEMENT OF TORTS

33. Plaintiff incorporates by reference all preceding paragraphs of this Amended Complaint as though fully set forth at length.

34. The injuries and damages Plaintiff were directly and proximately caused by the defective condition of the lawnmower, either by virtue of its defective design, defective manufacture, or defendants' failure to adequately warn of the dangers of the product, for which defendants, are strictly liable to Plaintiff.

35. The lawnmower involved in the accident described above was defective for its foreseeable use and purpose.

36. The injuries and damages suffered by Plaintiff were directly and proximately caused by the defective design, manufacture or failure to warn or adequately warn of the dangers associated with the lawnmower involved in the accident.

37. The injuries and damages suffered by Plaintiff were directly and proximately caused by the failure of defendants to equip the lawnmower with all devices necessary to make it safe for its intended use.

WHEREFORE, Plaintiff, Matthew Frick, demands judgment against the defendants,

jointly and severally, in an amount in excess of Seventy-five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

## COUNT IV

### Plaintiff, Matthew Frick v. Defendants, Kawasaki Heavy Industries (USA), Inc., Kawasaki Motors Corp. (USA), Kawasaki Motors Manufacturing Corp. (USA) and Kawasaki Heavy Industries, Ltd.

### BREACH OF WARRANTY

38. Plaintiff incorporates by reference all preceding paragraphs of this Amended Complaint as though fully set forth at length.

39. At the time that they sold, leased or rented the lawnmower at issue, defendants were in the business of manufacturing and marketing lawnmowers and were, with respect to this lawnmower, a "merchant".

40. The injuries and damages sustained by Plaintiff, Matthew Frick, were caused by a breach of the implied warranty of merchantability extended to Plaintiff by defendants in connection with its sale, lease or rental of the lawnmower.

WHEREFORE, Plaintiff, Matthew Frick, demands judgment against the defendants, jointly and severally, in an amount in excess of Seventy-five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

### JURY DEMAND

Plaintiff Matthew Frick demands a trial by jury of all issues properly triable by jury in this action.

Dated: June 2, 2015

**O'KELLY ERNST & BIELLI, LLC**

*/s/ David M. Klauder*
David M. Klauder (No. 5769)
901 N. Market Street, Suite 1000
Wilmington, DE 19801
(302) 778-4000
(302) 295-2873 (facsimile)
dklauder@oeblegal.com

*Attorneys for Plaintiff*

*Of Counsel:*

**SACCHETTA & BALDINO**
Thomas F. Sacchetta, Esquire
308 East Second Street
Media, PA 19063
(610) 891-9212
(610) 891-7190 (facsimile)
tom@sbattorney.com